# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARIA NAZARIO,** | **CIVIL ACTION NO. 1:09-CV-01187** |
| **Plaintiff** | **(Judge Conner)** |
| v. | |
| **NATIONWIDE MUTUAL INSURANCE COMPANY,** | |
| **Defendant** | |

## **ORDER**

AND NOW, this 7th day of June, 2010, upon consideration of the report (Doc. 40) of the magistrate judge, recommending that the motion (Doc. 25) for summary judgment, filed by defendant Nationwide Mutual Insurance Company ("Nationwide"), be granted in part and denied in part, and, following an independent review of the record, it appearing that there is a genuine dispute of material fact with respect to the claim of insurance bad faith, (see Doc. 40 at 13-19), and that neither party has objected to the magistrate judge's

report and recommendation, and that there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 40) is ADOPTED.

2. The motion (Doc. 25) for summary judgment is GRANTED in part and DENIED in part as follows:

    a. The motion is GRANTED with respect to Nazario's claim for breach of contract.

    b. The motion is DENIED in all other respects.

3. The Clerk of Court is instructed to defer entry of judgment until the conclusion of this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. An, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.